IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cr-00372-3 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| TYRON PAULK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On August 30, 2023, Defendant Tyron Paulk ("Paulk") was indicted on charges of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). Before the Court is Paulk's motion to dismiss the indictment on grounds that § 924(c) violates the Second Amendment both facially and as applied to him in light of the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [320] is denied.

**Background**

The government's evidence in this matter, including several months of court authorized interceptions of wire communications, establishes that from May 2022 through June 2023, Paulk was a shift manager who supervised the street-level sales of narcotics on behalf of a drug trafficking organization ("DTO") that operated in the vicinity of the 800 block of North Trumbull Avenue on the west side of Chicago (the "Drug Spot"). As a part of Paulk's responsibilities, he utilized several stash locations to store narcotics, including a GMC van and a red Audi parked in the rear lot of a cell phone store located at 3300 West Chicago Avenue in Chicago ("Cell Phone Store") and an abandoned basement apartment located at 903 North Trumbell Avenue, so that he could quickly resupply the street-level dealers when they ran out of supply. On March 9, 2023, at approximately 11:33 a.m., law

enforcement observed Paulk meet with co-defendant Terrance Sanders in the rear lot of the Cell Phone Store to obtain a supply of narcotics. Law enforcement observed Paulk and Sanders enter the GMC van. Sanders exited the van, went into the red Audi, and re-entered the van. Defendant and Sanders then exited the van and Defendant was observed walking directly to 903 North Trumbull Avenue and entering the rear entrance of the basement apartment. On that same day, at approximately 12:18 p.m., law enforcement searched the abandoned apartment and recovered a loaded Glock 43x 9mm pistol bearing serial number BWCB012 with an extended magazine, a loaded Ruger LCP II 9mm pistol bearing serial number 380800857, approximately 120 zip lock bags containing suspected heroin, approximately nine small zip lock bags containing approximately 1.8 grams of suspected crack cocaine, and one loose zip lock bag containing suspected heroin.

In an intercepted call that occurred less than two hours after law enforcement's search of the apartment, Paulk told his co-defendant Deandre Maddox: "They just bumped [seized] my straps [firearms]. They got the blows [heroin] and everything!" Maddox advised Paulk to leave the area, and Paulk responded: "They got them bitches. They got both the guns." (Dkt. 1 at ¶ 58).

On August 30, 2023, a federal grand jury indicted Paulk with conspiring to knowingly and intentionally possess with intent to distribute and distribute fentanyl, heroin, and cocaine from May 2022 through June 2023, in violation of 21 U.S.C. § 846 (Count One); and (2) knowingly possessing two firearms in furtherance of the drug trafficking conspiracy on March 9, 2023, in violation of 18 U.S.C. § 924(c) (Count Five). On June 12, 2024, a superseding indictment was returned charging Paulk with the same offenses. On July 3, 2024, Paulk filed the instant motion to dismiss the § 924(c) charge from the indictment.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

*A. Analyzing the Constitutionality of Firearm Restrictions Under the Second Amendment*

The Second Amendment to the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Second Amendment guarantees the right of "law-abiding, responsible citizens" to keep and bear arms for self-defense. *District of Columbia v. Heller,* 554 U.S. 570, 635, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008).

The test for analyzing the constitutionality of firearm restrictions is provided by *Bruen*. 597 U.S. at 24. First, courts must determine whether the "Second Amendment's plain text covers an individual's conduct." *Id.* If so, the Constitution presumptively protects that conduct and the burden shifts to the government to demonstrate that the regulation "is consistent with this Nation's historical tradition of firearm regulation." *Id.* Only then may the Court conclude that the "individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10, 81 S. Ct. 997, 6 L. Ed. 2d 105 (1961)); *see also United States v. Rahimi*, 144 S. Ct. 1889, 1898, 219 L. Ed. 2d 351 (2024) (applying *Bruen*).

*B. Seventh Circuit precedent on facial challenges in light of* Bruen

The Seventh Circuit's recent precedent regarding the constitutionality of facial and as-applied challenges to 18 U.S.C. § 922(g)(1) is instructive to Paulk's as-applied challenge to the constitutionality

3

of § 924(c). The Seventh Circuit recently foreclosed criminal defendants from facially challenging the constitutionality of § 922(g)(1). *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024). In *Gay*, the defendant challenged his conviction under § 922(g)(1) on appeal, arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms "notwithstanding statutes such as 18 U.S.C. § 922(g)(1)." *Id.* The Seventh Circuit noted that the defendant's argument was "hard to square" with the Supreme Court's statement in *Heller* that "longstanding prohibitions on the possession of firearms by felons" are valid. *Id.* ("Justices Alito and Kavanaugh, whose votes were essential to the majority, wrote separately to say that *Bruen* did not change anything about *Heller*.") (citing *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns.").

Courts in this district have since interpreted *Gay* as foreclosing challenges to § 922(g)(1). *See, e.g.*, *United States v. Fillyaw*, No. 23 CR 650, 2024 WL 3338940, at *1 (N.D. Ill. July 9, 2024) (Kennelly, J.) (holding that defendant's challenge to § 922(g)(1) was foreclosed by *Gay*); *United States v. Barenas-Reynoso,* No. 19-CR-00351-8, 2024 WL 3509757 at *2 (N.D. Ill. July 23, 2024) (Coleman, J.) (holding the same). As the Court explained in its prior opinion on this motion, prior to *Bruen*, the Seventh Circuit also previously rejected Second Amendment challenges to § 924(c), finding that the Second Amendment's protections do not extend to using or possessing a gun to facilitate other federal crimes. *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("The Constitution does not give anyone the right to be armed while committing a felony, or even to have guns in the next room for emergency use should suppliers, customers, or the police threaten a dealer's stash."); *see also Barenas-Reynoso*, 2024 WL 3509757 at *3 (holding that § 924(c) "is not covered by the plaint text of the Second Amendment and is facially constitutional").

4

Consistent with Seventh Circuit precedent, and the Court's prior opinion on this motion, the Court once again finds that § 924(c) is facially constitutional.

### C. *Seventh Circuit precedent on as-applied challenges in light of* Bruen

After holding that *Bruen* barred facial challenges to the constitutionality of the statute, the *Gay* court proceeded, "for the sake of argument" to consider whether "there is *some room* for as-applied challenges" to § 922(g)(1). *Gay*, 98 F.4th at 846. "When describing the persons who possess rights under the Second Amendment" the court noted, "*Bruen* repeatedly used the phrase 'law-abiding, responsible citizens' or a variant." *Id.* The court then reviewed the defendant's criminal record, noting that he "ha[d] been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison" and had violated a condition of his parole that he would not possess a firearm. *Id.* at 846–47. "Just as *Samson* holds that parolees lack the same privacy rights as free persons," the court concluded, "parolees lack the same armament rights as free persons." *Id.* at 847 (citing *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006)). Because of this criminal history and the conditions of his arrest, the court held that the defendant was not a "'law-abiding, responsible' person who has a constitutional right to possess firearms" and rejected the defendant's as-applied challenge to the constitutionality of his conviction under § 922(g)(1). *Id.*

The Court applies this same test to consider the constitutionality of § 924(c) as applied to Paulk. Here, Paulk has an extensive criminal history. This includes numerous prior warrants, six narcotic felony convictions, and repeated violations of the conditions of his parole stemming from these convictions. The fact that these felony convictions were for drug-related offenses does not reduce the weight of Paulk's criminal history, as courts have long regarded the nexus between drug trafficking and guns as being particularly dangerous. *See, e.g.*, *U.S. v. Bullock*, 632 F.3d 1004, 1016 (7th Cir. 2011) ("Drug crimes are associated with dangerous and violent behavior and warrant a higher degree of precaution."); *U.S. v. Rhodes*, 229 F.3d 659, 661 (7th Cir. 2000) ("Guns are among the tools

5

of the drug trade."); *U.S. v. Castillo*, 406 F.3d 806, 814 (finding that § 924(c) was intended by Congress to "combat the dangerous combination of drugs and guns").

Because of this criminal history, the Court finds that Paulk is not a "law-abiding citizen" under *Gay*. Accordingly, the Court denies Paulk's motion to dismiss the indictment on the grounds that § 924(c) is unconstitutional as applied to him.

**Conclusion**

For these reasons, the Court finds that 18 U.S.C. § 924(c) does not violate the Second Amendment facially or as applied to Paulk. Thus, the Court denies the motion to dismiss the indictment [320].

**IT IS SO ORDERED.**

Date: 9/23/2024          Entered: _____

                                        SHARON JOHNSON COLEMAN
                                        United States District Judge